J-A07001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, N.A. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LINDSEY FARRELL | : | |
| | : | |
| Appellant | : | No. 222 MDA 2024 |

Appeal from the Judgment Entered March 7, 2024
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
12652-2021

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                    **FILED: MAY 6, 2025**

Lindsey Farrell ("Farrell") appeals from the judgment awarding JP Morgan Chase Bank, N.A. ("JP Morgan") $8,347.94 in damages arising from the outstanding balance due on Farrell's credit card.  We affirm.

On August 2, 2018, JP Morgan approved Farrell's application for a credit card.  JP Morgan simultaneously sent her a member contract stating that use of the card constituted an agreement.  Farrell subsequently made purchases, but at no time did she pay her balance in full.  On the date that JP Morgan suspended Farrell's account, she owed $8,347.94.

To recoup the balance, JP Morgan filed a complaint against Farrell and initiated arbitration pursuant to the terms of their agreement.  The panel found in favor of Farrell, and JP Morgan appealed to the trial court.  At the pre-trial conference, which neither Farrell nor her attorney attended, JP Morgan

requested permission for its custodian of records, Terricka Clark, to testify at trial through Zoom from Tempe, Arizona. Farrell later filed a brief wherein she objected to remote testimony by any of JP Morgan's witnesses. After consideration of the brief, the court informed the parties by email the day before the bench trial that Ms. Clark was permitted to testify over Zoom, providing the link for her attendance. At that time, Farrell filed a motion for reconsideration, alleging that the court had an *ex parte* conversation with JP Morgan before granting this request. She claimed that having JP Morgan's witness testify remotely affected her ability to cross-examine the witness, and the court's capacity to assess her credibility.

At trial, the court first asked Farrell's counsel to expand upon the motion for reconsideration. Counsel explained that he did not receive a written motion from JP Morgan seeking permission to have a witness testify remotely, which meant that JP Morgan only discussed this matter with the court in his absence. The court clarified that JP Morgan made this request at the pre-trial conference that Farrell and counsel failed to attend. Additionally, the court stated that it was aware of and considered Farrell's opposition from the brief before it granted JP Morgan's request. The court thus denied the motion for reconsideration and commenced the bench trial.

During JP Morgan's presentation of evidence, Farrell objected to its introduction of her monthly bills, her credit card application, and the changes to the terms and conditions of the contract. Farrell claimed that JP Morgan

did not provide these exhibits before trial. JP Morgan countered, however, that it shared these documents with her prior to the arbitration in accordance with Pa.R.Civ.P. 1305.[1] The court deferred its decision until after trial to allow JP Morgan to prove that it shared these exhibits.

JP Morgan proceeded to present by Zoom its sole witness, Ms. Clark. She explained that she had been a records custodian for JP Morgan for fifteen years, and had been a vendor management analyst for one year. Her duties included reviewing accounts that were in default and validating account balances. She testified as to Farrell's account history and verified that Farrell owed JP Morgan $8,347.94.

After trial, JP Morgan provided evidence that it had shared the contested exhibits with Farrell seven months prior to arbitration. Therefore, the court

_____

[1] This Rule states, in pertinent part:

> (b)(1) The following documents shall be admitted into evidence if at least twenty days' notice of the intention to offer them was given to every other party accompanied by a copy of each document to be offered:
>
> > (i) bills or other documents evidencing charges incurred;
> >
> > (ii) records of businesses, government departments, agencies or offices, subject to statutory restrictions, provided that these are records which would otherwise be admissible if authenticated by a custodian of records[.]

Pa.R.Civ.P. 1305.

overruled Farrell's objection to the admission of those exhibits and, by opinion and order, awarded JP Morgan the balance remaining on Farrell's account. Farrell thereafter filed a post-trial motion alleging, *inter alia*, that the court abused its discretion in allowing Ms. Clark to testify remotely. The court denied the motion after oral argument, and Farrell timely appealed. She filed a court-ordered statement pursuant to Pa.R.A.P. 1925(b), and the court issued a responsive Rule 1925(a) opinion, along with an amended supplemental opinion.

Farrell now presents the following questions for our consideration:

[I.] Whether the trial court committed plain error or abused its discretion in permitting the documents and/or records that [JP Morgan] to be submitted [*sic*] into evidence at the trial by the out-of-state employees of [JP Morgan], as they were not been [*sic*] subject to in-court cross-examination, and the out-of-state records custodian was beyond the reach of a Pennsylvania subpoena to testify?

[II.] Whether the trial court committed plain error or abused its discretion in its order denying [Farrell]'s motion for post-trial relief?

Farrell's brief at 3 (some capitalization altered and some articles omitted).

We begin with the applicable legal principles. This Court reviews a trial court's evidentiary rulings for an abuse of discretion. *See Feldman v. CP Acquisitions 25, L.P.*, 325 A.3d 691, 713 (Pa.Super. 2024). An abuse of discretion is found only where "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record." *Id*.

(cleaned up). We also note that "it is indisputable that trial courts have broad discretion in controlling trial conduct." *Commonwealth v. Purnell*, 259 A.3d 974, 984 (Pa. 2021). In that vein, Pa.R.E. 611(a) provides:

> **(a) Control by the Court; Purposes.** The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
>
> > (1) make those procedures effective for determining the truth;
> >
> > (2) avoid wasting time; and
> >
> > (3) protect witnesses from harassment or undue embarrassment.

Pa.R.E. 611. As our High Court has further clarified, "Rule 611 clearly and unambiguously confers upon trial courts reasonable control over the mode of examining witnesses and the ability to employ procedures aimed at determining the truth." *Purnell*, 259 A.3d at 985.

Farrell challenges the court's decision to allow Ms. Clark to testify remotely. She maintains that she "did not consent to the testimony at trial by Zoom by a witness for [JP Morgan], and demanded the right to cross examine the witness, in person, so that the [c]ourt c[ould] reliably judge the credibility of the witness." Farrell's brief at 14. Citing Pa.R.E. 902(12), Farrell declares that "[t]he testimony of the out-of-state witness was invalid because it was not certified that the witness would be subject to a criminal penalty for false testimony in the other jurisdiction." *Id*. at 17. She also points out that a different Luzerne County judge did not permit an out-of-state witness to

testify remotely in an unrelated civil matter, and allowing Ms. Clark to do so here constituted an inconsistent ruling. *Id*. at 15 (citing *Capital One Bank (USA) v. Kenneth Wakely* (Luzerne County Docket No. 2012-09907)).

In concluding that allowing Ms. Clark to appear remotely was not an abuse of discretion, the trial court explained thusly:

> Although [Farrell's] counsel argues that he was not notified as to the request for the witness to appear by [Zoom], th[e c]ourt was very much aware of his objection as he had raised it in his trial brief which was filed . . . four days prior to the bench trial. Furthermore, counsel for [Farrell] failed to appear for the court ordered final pre-trial conference . . . when any objections could have been raised again. The court permitted the witness to testify live via Zoom as records custodian to authenticate and verify records held by [JP Morgan] in the ordinary course of business. The court . . . took into consideration the location of the witness and the subject matter to which the witness would be testifying. Further, the court continues to recognize that it has been recommended by the Remote Proceedings Task Force[2] that even though the COVID emergency is over, it continues to be recommended that status, scheduling conferences, oral arguments on contested motions and petitions, hearings or non-jury trials featuring limited testimony and documentary evidence should continue to be conducted by [advanced communication technology], which would be permitting matters to be done by Zoom.

---

[2] Before the Pennsylvania Supreme Court ceased local judicial emergencies pursuant to the COVID-19 pandemic, the Administrative Office of Pennsylvania Courts, along with the Pennsylvania Conference of State Trial Judges, created a Remote Proceedings Task Force to make recommendations and provide guidance on the continued use of advanced communication technology in the courts. *See Remote Proceedings Task Force – Continued Use of Advanced Communication Technology (ACT) Following the Termination of Judicial Emergencies*, Final Report June 2021, available at https://www.dcba-a.org/UserFiles/files/COVID/Remote%20Proceedings%20 Task%20Force%20-%20Continued%20Use%20of%20Advanced%20%20%2 0Communication%20Technology%20(ACT)%20Following%20the%20Termin ation%20of%20Judicial%20%20%20Emergencies%20(June%202021).pdf.

This was a short non-jury trial during which only one witness testified and there were only four exhibits offered for admission. A review of the record demonstrates that counsel for [Farrell] had ample opportunity to cross-examine this witness.

[Farrell's] counsel repeatedly argues that the witness should have been precluded from testifying pursuant to Pennsylvania Rule of Evidence 902(12). . . .[3] Th[e c]ourt does not believe that the section cited by [Farrell's] counsel is in any way applicable to a witness from the state of Arizona being sworn and testifying to the authenticity of documents held by [JP Morgan] in the ordinary course of business.

Supplemental Opinion, 4/24/24, at 2-4 (some capitalization altered, some articles and numerals omitted).

At the outset, we observe that Farrell has waived her hearsay and subpoena-based arguments for failure to preserve them in the trial court. **See**

**Commonwealth v. Spone**, 305 A.3d 602, 612 (Pa.Super. 2023) ("[A] party

_____

[3] Rule 902 states, relevantly:

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

. . . .

**(12) Certified Foreign Records of a Regularly Conducted Activity.** The original or a copy of a foreign record that meets the requirements of Rule 902(11), modified as follows: the certification rather than complying with a statute or Supreme Court rule, must be signed in a manner that, if falsely made, would subject the maker to a criminal penalty in the country where the certification is signed. The proponent must also meet the notice requirements of Rule 902(11).

Pa.R.E. 902.

must make a timely and specific objection at trial in order to preserve an issue for appellate review."). Moreover, her reliance upon the ruling by a different Luzerne County judge offers her no relief as that decision held, at most, only persuasive value of the trial court's assessment of whether to permit remote testimony in this case. *See Wilson v. Parker*, 227 A.3d 343, 356 (Pa.Super. 2020) ("The decisions of the Courts of Common Pleas are not binding precedent.") (cleaned up). Finally, Farrell's argument premised upon Rule 902(12) plainly fails as JP Morgan did not introduce any self-authenticating foreign exhibits.

Turning to the remainder of her complaints against Ms. Clarks's remote appearance, we note that she presents no authority prohibiting such testimony. Contrarily, the trial court has broad discretion in regulating trial conduct, including the mode of examining witnesses and presenting evidence. *See* Pa.R.E. 611; *Purnell*, 259 A.3d at 984. The court had no issue in assessing Ms. Clarks's credibility despite the use of remote communication technology. In fact, it specifically found that she "testified very credibly on behalf of JP Morgan." Findings of Fact, 9/19/23, at ¶ 2. Therefore, we cannot conclude that the trial court's decision to allow Ms. Clark to testify remotely was a misapplication of law, a manifestly unreasonable exercise of judgment,

or the result of bias, prejudice, ill-will, or partiality.[4]  ***See Feldman***, 325 A.3d at 713.  Accordingly, we affirm.

Judgment affirmed.

Judgment Entered.

![signature of Benjamin D. Kohler]

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/06/2025

---

[4] Moreover, to the degree that Farrell maintains that the trial court abused its discretion in admitting JP Morgan's exhibits in violation of Pa.R.Civ.P. 1205, the certified record supports the court's conclusion that JP Morgan dutifully provided these documents to Farrell more than seven months prior to trial in anticipation of the then-pending arbitration proceedings.  She offers no other basis for their exclusion.